BARTHOLOMEW CUNNINGHAM
v.
WILLIAM L. WRIGHT.

*Practice—Justice—Absence of Plaintiff—Sec. 33, Chap. 79, R. S.—Discretion—Setoff—Motion to Quash Execution and Release Levy.*

1. In an action before a justice of the peace, if the plaintiff or his agent does not appear, the justice must dismiss the suit, unless the defendant consents to a continuance. The rule is imperative, and the case is not altered by the fact that the defendant claims a setoff.

2. Where, in the absence of the plaintiff, the justice has entered judgment for the defendant, and the latter has filed a transcript in the office of the clerk of the Circuit Court, a motion to quash an execution issued thereon and release a levy thereunder will be granted.

[Opinion filed September 19, 1888.]

APPEAL from the Circuit Court of Cook County; the Hon. RICHARD S. TUTHILL, Judge, presiding.

March 30, 1887, appellant and one James O'Donnell, as copartners, brought suit before Peter Foote, a justice of the peace, against appellee; the summons was made returnable April 11, 1887, at 9 o'clock A. M. At 10 o'clock on April 11th, the return day of the summons, the case was called by the justice and continued until April 18th, at 9 o'clock A. M. It does not appear that either of the parties appeared or were present at the time of the continuance on April 11th.

On April 18th, at 10 o'clock A. M., the justice called the case. The transcript of the justice shows affirmatively that the plaintiff failed to appear, but the defendant, being present, was sworn and testified, and upon his testimony the justice rendered judgment against the plaintiffs and in favor of the defendant for $69 and costs of suit. May 10th an execution was issued on such judgment, which was returned July 19th unsatisfied. After the return of such execution the appellee, who was the defendant before the justice, procured a transcript

Cunningham v. Wright.

from the justice, which he filed December 12, 1887, in the office of the circuit clerk, under the provisions of Secs. 95, 96 and 97, of Chap. 79 of the Revised Statutes.   December 20, 1887, the circuit clerk issued an execution on such transcript, which execution was levied upon the goods and chattels of appellant. December 31, 1887, appellant moved the Circuit Court, appellee being present, to set aside such judgment, to quash the execution and to order the levy thereunder released, on the hearing of which motion the transcript was offered in evidence; but appellee objected to the granting of such motion, and the same was denied by the court, which ruling and decision of the court is here assigned as error.

Mr. PERRY A. HULL, for appellant.

Messrs. JOHN H. ROLLINS and SYDNEY STEIN, for appellee.

GARNETT, J.   The transcript of the justice of the peace shows a continuance at the time the summons was returnable, without showing whether either of the parties appeared.   But it also shows affirmatively that the plaintiff did not appear at the time to which the suit was continued, and we have no hesitation in saying the record thus proves by its own terms that the justice then lost all jurisdiction of the case.

Sec. 33 of Chap. 79 of the Revised Statutes is so plain and unambiguous there is no room for construction.   It furnishes the exclusive rule for the action of the justice in such cases. It provides that if the plaintiff or his agent shall not appear at the time appointed for trial, in any suit, and no sufficient reason shall be assigned to the justice why such plaintiff or his agent does not appear, the justice shall dismiss the suit, unless the defendant shall consent that such suit shall be continued to another day.

The case is not altered by the fact that the defendant has cross-claims against the plaintiff.   The court, in a suit before a justice, is not, as in courts of record, vested with the power to proceed to a trial on account of the defendant having an offset.   The justice has no discretion.

The command of the statute to dismiss is peremptory, except in the case specified. The question presented to the justice who rendered the judgment in question was not one calling for his opinion on any question of law or fact with regard to which he was liable to error, but it was a question as to the actual existence of a fact about which there was no liability of mistake.

"Whenever a question is one of opinion merely, whether it be of value, or of the weight to be given to evidence legally admitted, there is no doubt discretion is subject to no dispute. But when the right to act depends on the actual existence of facts, nothing short of such actual existence will suffice, and opinion is no account." Wall v. Trumbull, 16 Mich. 250.

The judgment of the justice was without jurisdiction. The court below erred in refusing to quash the execution and to order the levy thereunder released.

The order of the Circuit Court is reversed and remanded.

*Reversed and remanded.*